114 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leopold CARDENAS, Plaintiff-Appellant,
v.
James BLODGETT; Tana Wood; Frazier, Mrs., Defendants-Appellees.
 No. 96-35236.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1997.*
Decided May 21, 1997.
 
 Before: LAY,** BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Leopold Cardenas appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous. Cardenas alleges that as a result of incidents in 1990 and 1991, while he was a prisoner at the Washington State Penitentiary, he lost 104 and 180 days of good time credits and that according to prison policy these good time credits should have been restored in 1994 based on his good behavior. He further alleges that he was arbitrarily placed in administrative segregation for four months as an additional punishment for the 1990 incident.
 
 
 3
 The district court dismissed Cardenas's § 1983 challenge to his loss of good time credits. The court held that such a claim, which challenges the duration of Cardenas's confinement, must be brought by a writ of habeas corpus. See Heck v. Humphrey, 114 S.Ct. 2364, 2369-70 (1994); Preiser v. Rodriguez, 411 U.S. 475, 487-90 (1973). We affirm this ruling.
 
 
 4
 Cardenas argues that his allegedly wrongful loss of good time credits and arbitrary placement in four months' administrative segregation constitute excessive punishment violative of the Eighth Amendment. These allegations are not sufficient to state a claim for an Eighth Amendment violation. See Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994).
 
 
 5
 Cardenas's allegation that he was arbitrarily placed in administrative segregation for four months can be construed as a claim that prison officials failed to provide him with the procedural protections guaranteed by the Due Process Clause. In order to state a claim for a due process violation, Cardenas must identify a liberty interest which is protected by the Due Process Clause. Cardenas had a liberty interest in not being arbitrarily placed in administrative segregation only if such placement "impose[d] [an] atypical and significant hardship on [Cardenas] in relation to the ordinary incidents of prison life." Sandin v. Connor, 115 S.Ct. 2293, 2300 (1995). Because we cannot determine from the record before us whether Cardenas's placement in administrative segregation for four months imposed such a hardship, we remand this portion of Cardenas's appeal for further proceedings. See Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir.1996).
 
 
 6
 No costs shall be awarded on this appeal.
 
 
 7
 AFFIRMED, in part; REVERSED in part and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3